**ORIGINAL**

# In the United States Court of Federal Claims

No. 12-787C
Filed: December 5, 2013

**FILED**

DEC - 5 2013

U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * *
TERRY LOUIS WILSON,

       Plaintiff,

v.

UNITED STATES,

       Defendant.
* * * * * * * * * * * * * * * * *

Pro Se Plaintiff; Motion to Dismiss; Lack of Subject Matter Jurisdiction.

---

**Terry Louis Wilson**, Madison Heights, MI, pro se.

**Tara K. Hogan**, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her were **Bryant G. Snee**, Acting Director, Commercial Litigation Branch, **Stuart F. Delery**, Assistant Attorney General, Civil Division, Washington, D.C.

## ORDER

**HORN, J.**

    Pro se plaintiff Terry Louis Wilson filed a short, handwritten, original complaint in the United States Court of Federal Claims. Plaintiff's original complaint is confused and difficult to follow. It states, in full, and with capitalization and emphasis as in the original:

    I, TERRY LOUIS WILSON, 1887 W. 13 MILE ROAD APT 16, MADISON HEIGHTS, MICHIGAN, 48071 FORWARD, <u>BRIEF</u>, UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF MICHIGAN U.S. DISTRICT COURT NO. 12-12556, HONORABLE JUDGE SEAN. F. COX, TERRY LOUIS WILSON, PLAINTIFF V. UNITED STATES ATTORENY GENERAL OFFICE REPRESENTATIONS, OF DEFENDANTS OF U.S. BRIEF, U.S C. 1983 CIVIL RIGHTS VIOLATIONS CLAIMS DAMAGES SUIT. TLW, FORWARDS <u>JURISDICTION</u>: THE U.S. COURT OF FEDERAL CLAIMS, FORMERLY KNOWN AS U.S. CLAIMS COURT, HAS JURISDICTION OVER CLAIMS SEEKING MONEY JUDGMENTS AGAINST THE UNITED STATES A CLAIM MUST BE FOUNDED UPON U.S. CONSTITUTION:

AN ACT OF CONGRESS; THE REGULATION OF AN EXECUTIVE DEPARTMENT; AN EXPRESS OR IMPLIED-IN-FACT, CONTRACT WITH THE UNITED STATES; OR DAMAGES LIQUDATED OR UNLIQUIDATED IN CASES NOT SOUNDING IN TORT. TLW. I, TERRY LOUIS WILSON, PLAINTIFF V. UNITED STATES ATTORENY GENERAL OFFICE, DEFENDANTS, PRAYS, THE U.S COURT OF FEDERAL CLAIMS, ACCEPTANCE AND UNDSTANDING MY FORWARDS OF U.S. BRIEF.

Attached to plaintiff's complaint is an incomprehensible copy of what appears to be a handwritten complaint previously filed by Mr. Wilson in the United States District Court for the Eastern District of Michigan on June 12, 2012. See Wilson v. United States Attorney General Office (Case No. 2:12-cv-12556). The District Court case was dismissed on September 6, 2012 as "so devoid of substance that it must be considered frivolous," because "Plaintiff's Complaint does not allege any facts." Plaintiff appealed the decision to the United States Court of Appeals for the Sixth Circuit (Case No. 12-2521), which, on August 26, 2013, affirmed the decision of the District Court, holding that the lower court was correct in dismissing the complaint for lack of subject matter jurisdiction. Plaintiff requested review by the United States Supreme Court, see Terry Louis Wilson v. Office of the Attorney General (Case No. 13-6680), which was denied on December 2, 2013.

Although not attached to the original complaint filed in this court, plaintiff also had filed another complaint in the Eastern District of Michigan on July 12, 2012, Wilson v. Oakland County Probation Office (Case No. 2:12-cv-13073), which was dismissed on November 20, 2012. The District Court Judge found that plaintiff's second complaint, "like his complaint in a previous action assigned to this Court . . . consists of an incoherent stream of words and legal phrases and does not assert any claim upon which relief may be granted." The District Court Judge described plaintiff's complaint, once again, as "devoid of substance" and "frivolous." The second case also was appealed to the United States Court of Appeals for the Sixth Circuit (Case No. 12-2564), which, like in the previous case, on August 26, 2013, affirmed the decision issued by the District Court for the Eastern District of Michigan.[1] Plaintiff also sought review of this case in the United States Supreme Court, which is still pending as Case No. 13-6846.

In this court, plaintiff has requested appointment of counsel, submitting a standard form used in the United States District Court for the Eastern District of Michigan, with this court's name written under the District Court headline. Plaintiff included a Supplemental Security Income letter from the Social Security Administration explaining his monthly payment amounts, and a copy of Articles I-IV of a version of the

---

[1] On September 12, 2013, plaintiff submitted copies of both decisions by the United States Court of Appeals for the Sixth Circuit to this court. Although plaintiff's submission was procedurally defective, and violated several Rules of the United States Court of Federal Claims (RCFC), the documents were filed, by leave of the undersigned, as a supplemental notice, given the plaintiff's pro se status.

Sixth Circuit's Criminal Justice Act Plan. Plaintiff, however, has not paid a filing fee nor filed a motion to proceed in forma pauperis in this court.

The United States filed a motion to dismiss plaintiff's original complaint in this court, pursuant to RCFC 12(b)(1), alleging that the court lacks jurisdiction to hear plaintiff's tort and civil rights claims under the Tucker Act, and also alleging that the Fourteenth Amendment to the United States Constitution is not a money-mandating provision. Although allowed more than the normal time allotted to respond to defendant's motion by the Rules of this court, plaintiff has not directly responded to the motion to dismiss, despite filing a subsequent stream of other non-pertinent submissions.

On September 23, 2013, plaintiff submitted two separate documents which he titled "Amended Complaint."[2] Although plaintiff's submissions were procedurally defective, given plaintiff's pro se status, the documents were filed, by leave of the Judge, as a supplemental notice. In addition to repeating his allegations regarding civil rights violations, plaintiff's purported, "Amended Complaints" state, among other incoherent statements, that the plaintiff was and "REMAINS, IDENTITY THEFT VICTIM." (capitalization, emphasis and punctuation in original). On October 3, 2013, the Clerk's Office received another filing submitted by plaintiff, titled "Proof of Service," which also was filed, by leave of the Judge, as another supplemental notice. Then, on October 10, 2013,[3] and October 18, 2013, plaintiff submitted two additional documents,

---

[2] To his first, purported, "Amended Complaint," plaintiff attached his petition for a writ of certiorari to the United States Supreme Court, requesting review of a decision issued by the United States Court of Appeals for the Sixth Circuit. The document is a recitation of some of plaintiff's prior interaction with the justice system and prior complaints plaintiff filed with state authorities, civil rights organizations, the United States Department of Justice and in the United States courts. Among the documents submitted by plaintiff as a second, purported "Amended Complaint," is a request for relief from final judgements issued by the United States Court of Appeals for the Sixth Circuit and the United States District Court for the Eastern District of Michigan. The court notes that although Mr. Wilson's supplemental notices were characterized by plaintiff as "Amended Complaints," the filings did not make new allegations or attempt to correct any of the jurisdictional deficiencies addressed in the defendant's motion to dismiss, and were not filed as amended complaints on the docket by consent of the parties or by leave of the court, as required, after defendant's motion to dismiss was filed. See RCFC 15(a)(2). The "Amended Complaints," therefore, are amended complaints in name only. Therefore, although the court permitted the submissions to be filed as supplemental notices, given plaintiff's pro se status, the filings did not moot the defendant's motion to dismiss. As indicated above, plaintiff has not directly responded to the motion to dismiss.

[3] To the filing received on October 10, 2013, plaintiff attached a letter from Scott S. Harris, Clerk of the Court at the Supreme Court of the United States, informing him that "[t]he petition for a writ of certiorari in the above entitled case [Terry L. Wilson v. Office

3

also titled "Amended Complaint,"[4] both of which were filed, by leave of the Judge, as supplemental notices.

## DISCUSSION

When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, pro se plaintiffs are entitled to liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977). "However, '"[t]here is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his [or her] pleading."'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9 and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.) ("Plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence."), reh'g and reh'g en banc denied (Fed. Cir. 2002)).

It is well established that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011); see also Hertz Corp. v. Friend, 130 S. Ct. 1181, 1193 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." (citing Arbaugh v. Y & H Corp., 546 U.S. at 514)); Special Devices, Inc. v. OEA, Inc.,

---

of the Attorney General, District Court Case No. 2:12-cv-12556, on appeal from Sixth Circuit] was filed on September 21, 2013 and placed on the docket October 1, 2013 as No. 13-6680."

[4] To plaintiff's purported, "Amended Complaint," received on October 18, 2013, plaintiff attached a copy of his birth certificate; a copy of the Parole Board order for discharge from sentence, issued by the Department of Corrections, State of Michigan; a copy of his Michigan temporary personal identification card and a copy of his social security card.

269 F.3d 1340, 1342 (Fed. Cir. 2001) ("[A] court has a duty to inquire into its jurisdiction to hear and decide a case." (citing Johannsen v. Pay Less Drug Stores N.W., Inc., 918 F.2d 160, 161 (Fed. Cir. 1990))); View Eng'g, Inc. v. Robotic Vision Sys., Inc., 115 F.3d 962, 963 (Fed. Cir. 1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). "The objection that a federal court lacks subject-matter jurisdiction...may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546 U.S. at 506; see also Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008) ("[A]ny party may challenge, or the court may raise sua sponte, subject matter jurisdiction at any time." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506; Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); and Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998))); Pikulin v. United States, 97 Fed. Cl. 71, 76, appeal dismissed, 425 F. App'x 902 (Fed. Cir. 2011). In fact, "[s]ubject matter jurisdiction is an inquiry that this court must raise *sua sponte*, even where... neither party has raised this issue." Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings, 370 F.3d 1354, 1369 (Fed. Cir.) (citing Textile Prods., Inc., v. Mead Corp., 134 F.3d 1481, 1485 (Fed. Cir.), reh'g denied and en banc suggestion declined (Fed. Cir. 1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. granted in part, 546 U.S. 975 (2005), cert. dismissed as improvidently granted, 548 U.S. 124 (2006).

Pursuant to the RCFC and the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2013); Fed. R. Civ. P. 8(a)(1), (2) (2013); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 570 (2007)). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. Wright and A. Miller, Federal Practice and Procedure § 1286 (3d ed. 2004)). "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555). As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' [Bell Atl. Corp. v. Twombly,] 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 557).

When deciding a case based on a lack of subject matter jurisdiction, this court assumes that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Erickson v. Pardus, 551 U.S. at 94 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555-56 (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002))); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), recognized by Davis v. Scherer, 468 U.S. 183, 190 (1984); United Pac. Ins. Co. v. United States, 464 F.3d 1325, 1327-28 (Fed. Cir. 2006); Samish Indian Nation v. United States, 419 F.3d 1355, 1364 (Fed. Cir. 2005); Boise Cascade Corp. v. United States, 296 F.3d 1339, 1343 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002), cert. denied, 538 U.S. 906 (2003).

The Tucker Act grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (Supp V 2011). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289-90 (2009); United States v. Testan, 424 U.S. 392, 400 (1976); see also Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999).

"Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." United States v. Mitchell, 463 U.S. 206, 216 (1983); see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir.), cert. denied, 82 U.S.L.W. 3190 (U.S. Oct. 7, 2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1343 ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States."). In Ontario Power Generation, Inc. v. United States, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The court wrote:

> The underlying monetary claims are of three types . . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver . . . . Second, the Tucker

6

> Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605-06,] 372 F.2d [1002,] 1007-08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket'" (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S., 372 F.2d at 7. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also Testan [v. United States], 424 U.S. [392,] 401-02 [1976] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself....can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

Ontario Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); see also Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. 392, 400 (1976)); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009). The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (e.g., statutes or contracts)."). "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (The absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act."); Peoples v. United States, 87 Fed. Cl. 553, 565-66 (2009).

It is virtually impossible to decipher plaintiff's original complaint, plaintiff's proposed amended complaints or any of plaintiff's numerous, later filings submitted to the court. Even giving plaintiff's submissions the most liberal construction as a pro se

7

plaintiff, Mr. Wilson appears to allege no specific violations of statute or regulation within this court's jurisdiction. Although the complaints plaintiff filed in the Eastern District of Michigan appear to allege that his civil rights have been violated, not even that allegation is contained in plaintiff's complaints filed in this court. In any event, such allegations are not within the jurisdiction of this court. This court does not have subject matter jurisdiction over actions arising under sections of the Civil Rights Act, see 42 U.S.C. § 1983 (2006). See Pikulin v. United States, 97 Fed. Cl. at 77 ("Plaintiff also cites various provisions of the Civil Rights Acts, including §1981, §1983, §1985, and §1986, as bases for his claim. The court does not possess jurisdiction to entertain claims based on these statutes." (citing Marlin v. United States, 63 Fed. Cl. 475, 476, appeal dismissed, 140 F. App'x 256 (Fed. Cir. 2005); Anderson v. United States, 22 Cl. Ct. 178, 179 n.2 (1990), aff'd, 937 F.2d 623 (Fed. Cir. 1991) (unpublished table decision)), appeal dismissed, 425 F. App'x 902 (Fed. Cir. 2011)); Hubbard v. United States, 80 Fed. Cl. 282, 283, aff'd, 315 F. App'x 307 (Fed. Cir. 2009); Schweitzer v. United States, 82 Fed. Cl. 592, 595 (Fed. Cl. 2008); Salman v. United States, 69 Fed. Cl. 36, 39 n.3 (Fed. Cl. 2005) (citing Berdick v. United States, 222 Ct. Cl. 94, 612 F.2d 533, 536 (1979); Marlin v. United States, 63 Fed. Cl. at 476 (citations omitted)).

The court notes that defendant's motion to dismiss also addresses the absence of the court's jurisdiction to consider alleged tort and criminal claims. The defendant indicated that it was "[c]onstruing the complaint very liberally," and looked to the plaintiff's attachments from the Eastern District of Michigan cases to determine that plaintiff claimed to be the victim of identity theft, malicious prosecution, negligence, and false imprisonment. Although the defendant addressed why plaintiff's claims would not provide jurisdiction in this court, as none of those allegations were included in plaintiff's complaint filed in this court, and were only included in the Eastern District of Michigan filings and plaintiff's later submissions, the court does not more fully address plaintiff's criminal or tort allegations, noting only the absence of jurisdiction to consider those allegations, as well.

Although Mr. Wilson requested the appointment of counsel in this court, using a standard form utilized in the Eastern District of Michigan, this court does not have responsibility to appoint counsel to cases on this court's civil docket. See Lassiter v. Dep't of Soc. Servs. of Durham Cnty, N.C., 452 U.S. 18, 26-27 (1981) ("[A]n indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty."); see also Heuss v. United States, 75 Fed. Cl. 636 (2007) (quoting Lariscey v. United States, 861 F.2d 1267, 1270-71 (Fed. Cir. 1988) and noting that the United States Supreme Court has not recognized a right under the Constitution to appointed counsel in civil cases); Martin v. United States, 31 Fed. Cl. 756, 757 (1994) ("The appointment of counsel in a civil case is not a right, but a privilege justified only by exceptional circumstances."). Moreover, appointment of counsel would serve no purpose in this particular case, given the substantial deficiencies in plaintiff's complaint. Even the appointment of counsel would not cure the failure of the plaintiff to raise issues within the court's jurisdiction or his lack of any request for specific relief.

## CONCLUSION

Plaintiff's motion to appoint counsel is **DENIED**. Defendant's motion to dismiss is **GRANTED**. Plaintiff's complaint is **DISMISSED**. The Clerk of the Court shall enter **JUDGMENT** consistent with this Order.

**IT IS SO ORDERED.**

*[signature]*

**MARIAN BLANK HORN**
**Judge**