# ORIGINAL

# In the United States Court of Federal Claims

No. 12-787C
Filed: January 16, 2014

**FILED**

JAN **1 6** 2014

U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * *
                   *

**TERRY LOUIS WILSON,**      *

        **Plaintiff,**    *

       **v.**        *

**UNITED STATES,**      *

        **Defendant.**   *

* * * * * * * * * * * * * * * * *

**Pro Se Plaintiff; Motion for Relief from a Judgment or Order.**

**Terry Louis Wilson**, Madison Heights, MI, pro se.

**Tara K. Hogan**, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her were **Bryant G. Snee**, Acting Director, Commercial Litigation Branch, **Stuart F. Delery**, Assistant Attorney General, Civil Division, Washington, D.C.

## ORDER

**HORN, J.**

On January 2, 2014, pro se plaintiff Terry Louis Wilson filed a short, handwritten, "Petition of Rehearing"[1] seeking relief from the court's December 5, 2013 Order granting defendant's motion to dismiss and denying plaintiff's motion to appoint counsel. As with plaintiff's complaint, the "Petition of Rehearing" is confused and difficult to follow. It states, with capitalization, misspellings, and emphasis as in the original:

---

[1] As when reviewing the pro se plaintiff's complaint, the plaintiff was afforded liberal construction of the pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21, reh'g denied, 405 U.S. 948 (1972). Given plaintiff's pro se status, the court considers plaintiff's "Petition of Rehearing" as motion for relief from a judgment or order pursuant to Rule 60 (2013) of the Rules of the United States Court of Federal Claims (RCFC). The court treats the "Petition of Rehearing" as motion for relief from a judgment or order pursuant to RCFC 60 as opposed a motion for reconsideration pursuant to RCFC 59, because, as discussed below, plaintiff refers to RCFC 60 in his "Petition of Rehearing."

IN THE UNITED STATES COURT OF FEDERAL CLAIMS, RESPECTFULLYS, TERRY LOUIS WILSON PLAINTIFF V. THE UNITED STATES, DEFENDANT, NO. 12-787C, <u>FILED</u>, <u>DECEMBER</u> 5, <u>2013</u>, <u>PRO SE</u> PLAINTIFF, MOTION TO DISMISS LACK OF SUBJECT MATTER JURISDICTION, THE UNITED STATES COURT OF FEDERAL CLAIMS RESPECTFULLYS, THE PLAINTIFF TERRY LOUIS WILSON PLAINTIFF V. THE UNITED STATES DEFENDANT, <u>ENTERED</u>, THE UNITED STATES COURT OF FEDERAL CLAIMS, <u>SOUGHTS</u>, OF THE FOURTEENTH AMENDMENT, THE CONSTITIUTION OF THE UNITED STATES, (SECTION (1). "ALL PERSON BORN OR NATURALIZED IN THE UNITED STATES AND THE JURISDICTION, THEREOF, "<u>ARE CITIZENS</u> OF THE UNITED STATES, AND OF THE STATE WHEREIN THEY RESIDE." (HERE I, TERRY LOUIS WILSON, PLAINTIFF, SEEKS TO <u>POINTS</u> OUT, <u>THOUGHOUT</u> U.S. COURTS, DENIED <u>FULL CITIZENS</u> <u>RIGHTS</u>, <u>IDENTITY</u> <u>THEFT</u>, AND <u>IMPRISONMENT</u>.' <u>THE REQUESTS</u>, RESPECTFULLYS, <u>THE</u> <u>DENIED</u> <u>MOTION</u> OF <u>APPOINT COUNSEL</u>, <u>THOUGHOUT</u>, UNITED STATES COURTS, "WHICH <u>APPROVE</u> <u>POSSBLE</u> <u>DIFFERENTS</u>, UNITED STATES COURTS <u>CONCLUSIONS</u> AND <u>DECISIONS</u>. TLW.

<u>RESPECTFULLYS</u>, <u>SECOND</u>, *I, TERRY LOUIS WILSON, PLAINTIFF, ENTITLED U.S. CASE, *<u>UNITED</u> <u>STATES</u> <u>CITIZEN</u> FOURTEENTH AMENDMENT, (READS), "NO STATE SHALL MAKE OR ENFORCE ANY LAW," WHICH SHALL ABRIDGE THE <u>PRIVILGES</u> OR IMMUNITIES OF <u>CITIZENS</u> OF THE UNITED STATES, <u>NOR</u> <u>SHALL</u> <u>ANY</u> <u>STATE</u> <u>DEPRIVE</u> <u>ANY</u> <u>PERSON</u> OF <u>LIFE</u>, <u>LIBERTY</u>, OR <u>PROPERTY</u> <u>WITHOUT</u> <u>DUE</u> <u>PROCESS</u> OF <u>LAW</u>, <u>NOR</u> <u>DENY</u> TO ANY PERSON WITHIN <u>IT'S</u> <u>JURISDICTION</u> THE <u>EQUAL</u> <u>PROTECTION</u> OF THE <u>LAWS</u>. TLW.

Subsequently, Mr. Wilson's "Petition of Review" quotes at length from the court's December 5, 2013 Order, and then states that:

<u>RESPECTFULLYS</u>, THE UNITED STATES COURT OF FEDERAL CLAIM <u>THE</u> <u>PLAINTIFF</u>, <u>TERRY</u> <u>LOUIS</u> <u>WILSON</u> V. <u>THE</u> <u>UNITED</u> <u>STATES</u>, <u>DEFENDANT</u>, NOTICE OF ASSIGNMENT JUDGE MARIAN BLANK HORN, <u>NO</u>. <u>1:12-cv-00787</u> <u>MBH</u>, FILED, <u>DECEMBER</u> <u>5</u>, <u>2013</u> DISMISSED, <u>A</u> <u>PETITION</u> OF <u>REHEARING</u>, RULES OF THE UNITED STATES COURT OF FEDERAL CLAIMS, <u>RULE</u> <u>60</u>, RELIEF FROM A JUDGEMENT OR ORDER, (A) <u>CORRECTIONS</u> <u>BASED</u> <u>ON</u> <u>CLERICAL</u> <u>MISTAKES</u>; <u>OVERSIGHTS</u> AND <u>OMISSIONS</u>. (B). GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING, (1), (2), (3), (4), (5), (6). <u>GROUNDS</u> <u>FOR</u> <u>RELIEF</u> <u>FROM</u> <u>A</u> <u>FINAL</u> <u>JUDGEMENT</u>.

Finally, the "Petition of Review" states:

THE UNITED STATES COURT OF FEDERAL CLAIMS, RESPECTFULLYS, PRAYS, GRANTED ACCEPTANCES, TERRY LOUIS WILSON <u>PLAINTIFF</u>, V. THE UNITED STATES. DEFENDANT. NOTICE OF ASSIGNMENT JUDGE MARIAN BLANK HORN. NO. <u>1:12-cv-00787 MBH</u> <u>PETITION</u> OF <u>REHEARING</u>, <u>REVIEWS</u> AND <u>EXHIBITS</u>.

Pursuant to RCFC 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."[2] RCFC 60(a). In addition, under RCFC 60(b), a court may, "[o]n motion and just terms," relieve a party from a final judgment for any of the following reasons:

(1)  mistake, inadvertence, surprise, or excusable neglect;
(2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b);
(3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4)  the judgment is void;
(5)  the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6)  any other reason that justifies relief.

RCFC 60(b).

As noted by this court in <u>CNA Corp. v. United States</u>, 83 Fed. Cl. 1 (2008), <u>aff'd</u>, 332 F. App'x 638 (Fed. Cir. 2009):

In determining whether a motion is properly classified under RCFC 60(a) or RCFC 60(b), the United States Court of Appeals for the Federal Circuit has stated:

Rule 60(a) affords relief from minor clerical mistakes or errors arising from simple oversight or omission. <u>See</u> James W. Moore and Jo Deshap Lucas, <u>Moore's Federal Practice</u> ¶ 60.06[1] (2d ed.1993); <u>see also</u> <u>United States v. Bealey</u>, 978 F.2d 696, 699 (Fed. Cir. 1992). It is intended to allow the judgment to "speak the truth," but not to substantially alter the rights of the parties thereto. <u>See</u> [11 Charles A. Wright &

---

[2] RCFC 60(a) indicates that "after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave." RCFC 60(a). No appeal has been filed in the above captioned case.

Arthur R. Miller, Federal Practice and Procedure § 2854 (1973 & Supp. 1993)]. Errors of a more substantial nature are more appropriately correctable under subdivision [60](b). See Moore, supra, ¶ 60.06[4].

Patton v. Sec'y of the Dep't of Health and Human Servs., 25 F.3d 1021, 1029 (Fed. Cir. 1994).

CNA Corp. v. United States, 83 Fed. Cl. at 7.

Reconsideration of a judgment is not intended to permit a party to retry its case when it previously was afforded a full and fair opportunity to do so. The United States Court of Appeals for the Federal Circuit has stated that: "The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir.), reh'g denied (Fed. Cir. 1990). "A ruling upon a 60(b)(6) motion is within the sound discretion of the court, and is reviewed only for abuse of that discretion." McCollum v. Sec'y of Health & Human Servs., 91 Fed. Cl. 86 90 (2010) (citing Sioux Tribe of Indians v. United States, 14 Cl. Ct. 94, 101 (1987), aff'd, 862 F.2d 275 (Fed. Cir. 1988), cert. denied, 490 U.S. 1075 (1989)), aff'd, 412 F. App'x 307 (Fed. Cir. 2011). "[T]he Federal Circuit has noted that, as 'a remedial provision, Rule 60(b) is to be liberally construed for the purpose of doing substantial justice.'" Vessels v. Sec'y of Dep't of Health & Human Servs., 65 Fed. Cl. 563, 568 (2005) (quoting Patton v. Sec'y of the Dep't of Health and Human Servs., 25 F.3d at 1030); see also Curtis v. United States, 61 Fed. Cl. 511, 512 (2004) ("The court has discretion regarding whether to grant relief under Rule 60(b), 'and the court may weigh equitable considerations in the exercise of its discretion.'" (quoting Dynacs Eng'g Co. v. United States, 48 Fed. Cl. 240, 241–42 (2000))).

In a motion for relief from final judgment, "'[t]he movant . . . must do more than merely reassert[ ] arguments which were previously made and carefully considered by the court.'" Osage Tribe of Indians of Okla. v. United States, 97 Fed. Cl. 345, 348 (2011) (quoting Bannum, Inc. v. United States, 59 Fed. Cl. 241, 243 (2003)) (alterations in original) (discussing the standards applicable to both RCFC 59(a) (2013) and RCFC 60(b)). "'[T]he moving party must show: (1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice.'" Id. (quoting Matthews v. United States, 73 Fed. Cl. 524, 525 (2006)) (alteration in original). A motion for relief from judgment is not an opportunity to relitigate one's case or present evidence that the movant could have brought earlier. See Fiskars, Inc. v. Hunt Mfg. Co., 279 F.3d 1378, 1383 (Fed. Cir. 2002) ("We see no reason why [movant] should be entitled to a second opportunity to present its case. Just as Rule 60(b)(6) is unavailable to reopen a judgment on grounds of newly discovered evidence (that existed at the time of trial), it is unavailable to reopen a judgment on the grounds that new evidence has come into being after the trial has been concluded.").

"Under Rule 60(b)(1), relief may be granted from 'judicial error' when inadvertence is shown and the motion is made within a reasonable time." Patton v. Sec'y of the Dep't of Health and Human Servs., 25 F.3d at 1030. Moreover, "[u]nder RCFC 60(b)(6), a court may vacate a party from a final judgment whenever appropriate to accomplish justice." AmBase Corp. v. United States, 112 Fed. Cl. 179, 183 (2013). However, "[t]he court will typically grant relief pursuant to RCFC 60(b)(6) only on a showing of 'exceptional or extraordinary circumstances.'" McCollum v. Sec'y of Health & Human Servs., 91 Fed. Cl. at 90 (quoting Louisville Bedding Co. v. Pillowtex Corp., 455 F.3d 1377, 1380 (Fed. Cir. 2006)); see also Fiskars, Inc. v. Hunt Mfg. Co., 279 F.3d at 1382 ("Rule 60(b)(6) is available only in extraordinary circumstances and only when the basis for relief does not fall within any of the other subsections of Rule 60(b).").

There is no indication in Mr. Wilson's pro se "Petition of Rehearing" as to a valid basis for reconsideration warranting relief from the court's December 5, 2013 Order. Although plaintiff quotes from the Fourteenth Amendment, he does not explain how the Fourteenth Amendment could apply to a motion for reconsideration.  Even giving plaintiff's filing the most liberal construction as a pro se plaintiff, Mr. Wilson appears to have alleged no specific grounds for relief.  Therefore, plaintiff's "Petition of Rehearing" is **DENIED**.

**IT IS SO ORDERED.**

**MARIAN BLANK HORN**
**Judge**